**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VILBORG FIGUEROA, | ) | NO. ED CV 10-385-E |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | **AND ORDER OF REMAND** |
| Defendant. | ) ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 19, 2010, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 9, 2010. Plaintiff filed a motion for summary judgment on August 23, 2010.

Defendant filed a cross-motion for summary judgment on September 20, 2010.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed March 23, 2010.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based on alleged mental problems (Administrative Record ("A.R.") 42-53, 109-20).  In a written report, state agency physician Dr. H.M. Skopec opined that Plaintiff's mental problems markedly limit Plaintiff's "ability to interact appropriately with the general public" and moderately limit Plaintiff's work-related abilities in several other respects (A.R. 295-96).  Dr. Skopec also stated that Plaintiff "likely cannot work with the public" (A.R. 297).

An Administrative Law Judge ("ALJ") found that Plaintiff has some severe mental impairments, but retains the residual functional capacity to work in contact with the public (A.R. 12-13).  The ALJ denied disability benefits, finding that Plaintiff can perform her past relevant work as a supermarket courtesy clerk and fast food server (A.R. 16).  The ALJ's decision does not mention any of Dr. Skopec's opinions (A.R. 10-18).  The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the

Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

Social Security Ruling ("SSR") 96-6p states that "[f]indings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources . . . ."[1]  Consequently, ALJs "may not ignore these opinions and must explain the weight given to the opinions in their decisions."  SSR 96-6p.

The ALJ erred by failing to mention the opinions of Dr. Skopec. See id.; Bain v. Astrue, 319 Fed. App'x 543, 546 (9th Cir. Mar. 12, 2009) ("Here, the ALJ failed to discredit or incorporate the limitations enumerated by state agency consultant Frank Lahman, including that Bain was moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors and moderately limited in her ability to respond appropriately to

---

[1] Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

changes in the work setting.  Accordingly, on remand the ALJ must address these limitations"); Hambrick v. Apfel, 1998 WL 329368, at *3 (N.D. Tex. June 11, 1998) ("The ALJ's decision does not mention the weight he gave to the state agency review physician's opinions.  The court cannot determine whether the ALJ, in contravention of the purpose for SSR 96-6p, ignored the opinion.").

The Court is unable to deem the error harmless.  Dr. Skopec's opinions, if fully credited,[2] might have had a material effect on the ALJ's findings regarding Plaintiff's residual functional capacity and alleged ability to perform Plaintiff's past relevant work.  For example, given Dr. Skopec's opinion that Plaintiff is markedly limited in her ability to interact appropriately with the general public, it appears likely that Dr. Skopec believes Plaintiff incapable of performing jobs that require contact with the general public, including Plaintiff's past relevant work.  Furthermore, Dr. Skopec's opinions that Plaintiff is "moderately limited" in other work-related respects also must be considered.[3]

---

[2] The ALJ need not necessarily credit Dr. Skopec's opinions, but must explain any refusal to do so.  See SSR 96-6p.

[3] The Social Security regulations do not define the term "moderate" and Social Security case law suggests varying definitions.  Martinez v. Barnhart, 2003 WL 22736530, at **3-4 (W.D. Tex. Nov. 17, 2003) (and cases cited therein).  If the ALJ has any uncertainty concerning the intendment of Dr. Skopec's opinions, the ALJ should inquire further of Dr. Skopec on remand.  "The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.  This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  "In cases of mental impairments, this duty is especially important." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see Tonapetyan v.
(continued...)

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).[4]

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 27, 2010.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3](...continued)
Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry'"); accord Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); 20 C.F.R. §§ 404.1512(e), 416.912(e).

[4] The Court need not and does not adjudicate any of Plaintiff's other challenges to the Administration's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

5